**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below.  This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated:  August 23 2010

Mary Ann Whipple
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No.  10-31934 |
| | ) | |
| Gary Montgomery and | ) | Chapter 7 |
| Kimberly A. Montgomery, | ) | |
| | ) | |
| Debtors. | ) | JUDGE MARY ANN WHIPPLE |

### MEMORANDUM OF DECISION

This case is before the court on the Chapter 7 Trustee's Objection to Debtors' Claim of Exemptions ("Objection") [Doc. # 14] and Debtors' response [Doc. # 19].  The Trustee objects to Debtors' claimed exemptions in certain real property under Ohio Revised Code § 2329.66(A)(5).  The court held a hearing on the Objection at which the Trustee and Debtors' Attorney both appeared in person.  For the reasons that follow, the Trustee's Objection will be sustained.

The facts are not in dispute.  Debtors own certain real property that includes a building that is used exclusively for Debtors' dog grooming business.  The building contains certain fixtures, such as showers and cages, that are used in the business.  Debtors have claimed an exemption in the real property in the total amount of $4,050 under Ohio Revised Code § 2329.66(A)(5).  That section provides an exemption in the amount of $2,025 "in all implements, professional books, or tools of the person's profession, trade, or business, including agriculture."  According to Debtors, the real property in which they have claimed the

exemption at issue is an "implement" of their business. The Trustee objects to Debtors' claimed exemption, arguing that § 2329.66(A)(5) does not apply to real estate.[1] The court agrees.

According to Debtors, "implement," as used in § 2329.66(A)(5), has a broad definition that includes real property used in a person's profession, trade or business. In construing statutes, the court's primary goal is to effectuate legislative intent using traditional tools of statutory interpretation. *Fieran v. INS*, 268 F.3d 340, 344 (6th Cir.2001). When the words of a statute are not ambiguous, "judicial inquiry is complete." *Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 462 (2002) (citation omitted). As the Supreme Court has instructed, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Id.* at 461-62.

"Implement" is not defined in § 2329.66. Nevertheless, in the absence of an indication to the contrary, words in a statute are assumed to bear their "ordinary, contemporary, common meaning." *Walters v. Metropolitan Educ. Enter., Inc.,* 519 U.S. 202, 207, (1997) (quoting *Pioneer Investment Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). The court therefore turns to the dictionary to ascertain the meaning of "implement."

"Implement" is defined as "an article serving to equip" or "a tool or utensil forming part of equipment for work," Webster's New International Dictionary 1134 (3d ed. 1986). "Article" is defined as an "item" or "object." Similarly, "implement" is defined as "an instrument, tool, or utensil for accomplishing work," Random House Webster's Dictionary 361 (3d ed. 1998), and "a device used in the performance of a task," www.merriam-webster.com/dictionary/implement. None of these definitions lend themselves to an interpretation to include real property as an implement. Real property is neither an "article," an "instrument, tool or utensil," nor a "device." Rather, these terms in their commonly accepted meaning refer to items of personal property, and the court has found no indication that the Ohio legislature intended "implement" to have a different meaning.

While there is a dearth of authority interpreting this particular provision of the Ohio exemption statute, the court finds that *Cleveland Arcade Co. v. Talcott*, 22 Ohio App. 516 (1926), cited by Debtors, lends some support to the court's interpretation. In that case, the plaintiff argued that a lawyer's books could not be "tools and implements" because by their very nature, the words imply chattels that are

---

[1] The Trustee also objects to both Debtors claiming the exemption since the real property is in the name of only one of the Debtors, as is set forth on Schedule A of their bankruptcy schedules.

10-31934-maw    Doc 23    FILED 08/23/10    ENTERED 08/23/10 15:39:02    Page 2 of 3

mechanical in nature. The court rejected this argument, stating that the words "tools and implements," mean "those chattels which constitute the instrumentality by which an attorney practices law." "Chattel" is defined as "an article of personal property, as distinguished from real property." Black's Law Dictionary 236 (6th ed. 1990). Debtors cite, and the court has found, no Ohio case or case from any other jurisdiction with a similar exemption statute that has interpreted "implement" to include real property. The court concludes that the exemption provided in § 2329.66(A)(5) in "all implements . . . of the person's profession, trade, or business" does not provide an exemption in real estate used in that individual's business.

A separate order in accordance with this memorandum of decision will be entered by the court.